**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

KONSTANTINOS "KOSTA" DIAMANTIS,
Plaintiff,

v.

SEAN SCANLON, in his official capacity as Comptroller of the State of Connecticut; and WILLIAM TONG, in his official capacity as Attorney General of the State of Connecticut,
Defendants.

**September 18, 2026**

SEP 18 2026 PM3:29
FILED-USDC-CT-NEW HAVEN

## COMPLAINT

1. This is an action pursuant to 42 U.S.C. § 1983 to redress the deprivation and threatened deprivation of Plaintiff's constitutionally protected property interest in his state retirement pension without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

2. Plaintiff is a former Connecticut public official who, following his retirement from state service, became entitled to receive, and has been receiving, pension benefits from the state of Connecticut.

3. On September 17, 2026, following reports that Plaintiff had departed the United States before his scheduled sentencing in a federal criminal proceeding, Defendant Sean Scanlon publicly announced that he had discontinued the direct deposit of Plaintiff's monthly pension payment.

4. Scanlon explained his action by stating that Plaintiff should not continue receiving a pension because of his reported departure from the country.

5. On the same date, Defendant William Tong issued a public statement concerning the revocation of Plaintiff's pension. Tong asserted that state law required his office to take action to revoke or reduce the pension of public officials convicted of corruption-related offenses and announced that his office was reviewing its legal options.

6. Neither Defendant, nor any other Connecticut official, provided Plaintiff with individualized notice of a proposed pension suspension or interruption before the announced action was taken.

7. Plaintiff was afforded no opportunity to contest the action before its implementation.

8. As of the filing of this Complaint, Plaintiff and his counsel have received no written suspension directive, administrative determination, or individualized notice identifying the legal authority, operative terms, or available procedures for challenging the announced action.

9. The State's failure to provide such information has left Plaintiff unable to determine whether his pension entitlement has been formally suspended, whether actual payments have been placed on hold, or whether only electronic direct deposit has been discontinued while another payment method remains available.

10. Nevertheless, Scanlon's announcement that he had discontinued Plaintiff's direct deposit, coupled with his expressed determination that Plaintiff should not continue receiving pension benefits, provides a factual basis to believe that the State intends to interrupt the disbursement of Plaintiff's pension.

11. Upon information and belief, the announced action has resulted in, or threatens imminently to result in, the withholding of pension installments that Plaintiff otherwise would receive.

12. Connecticut law establishes a judicial procedure for revoking or reducing the pension of a public official convicted of specified corruption-related offenses. A jury's guilty verdict, standing alone, does not constitute a final judgment of conviction or automatically result in pension forfeiture.

13. Plaintiff does not seek to relitigate the jury's guilty verdict or obtain a federal adjudication of whether his pension ultimately should be revoked or reduced. Rather, Plaintiff challenges the actual or imminently threatened interruption of an existing pension entitlement without constitutionally adequate notice and an opportunity to be heard.

14. Plaintiff seeks prospective declaratory and injunctive relief directed to the continuing administration of his pension and the procedures accompanying any deprivation of his benefits.

## PARTIES

15. Plaintiff Konstantinos "Kosta" Diamantis is an individual who formerly served as an official and employee of the State of Connecticut and who receives retirement benefits through the state of Connecticut.

16. Defendant Sean Scanlon is the Comptroller of the State of Connecticut. He is sued solely in his official capacity.

17. The Office of the State Comptroller, through its Retirement Services Division, performs administrative functions relating to the disbursement of retirement benefits.

18. Scanlon is the state official who publicly announced that he had discontinued the direct deposit of Plaintiff's monthly pension payment.

19. Upon information and belief, Scanlon possesses or exercises authority over the implementation of that payment-related action and can cause it to be rescinded, modified, or subjected to appropriate administrative review, either directly or through officials responsible for pension disbursements.

20. Defendant William Tong is the Attorney General of the State of Connecticut. He is sued solely in his official capacity.

21. Pursuant Connecticut General Statutes § 1-110a(a), the Attorney General is required to apply to the Connecticut Superior Court for an order revoking or reducing the pension of a public official or state or municipal employee who has been convicted of a qualifying crime. Plaintiff has not yet been sentenced following the jury's guilty verdict.

22. Pursuant to Connecticut General Statutes § 3-125, Tong also exercises general supervision over legal matters in which the State is interested and represents the Comptroller in civil proceedings involving the Comptroller's official acts.

23. Tong has publicly announced his office's involvement in determining and pursuing the State's legal remedies concerning Plaintiff's pension.

24. Tong's statutory responsibility concerning pension forfeiture and his publicly announced involvement establish a specific connection to the State's contemplated disposition of Plaintiff's pension, distinct from a generalized responsibility to enforce Connecticut law.

25. Tong is named in connection with his specific statutory responsibility for the pension forfeiture process and any prospective participation, within his lawful authority, in implementing or maintaining the challenged interim deprivation. Plaintiff seeks relief against Tong

to the extent that his actual responsibilities and conduct permit effective relief directed at an ongoing violation of federal law.

26. Both Defendants act under color of state law in the performance of their official duties.

## JURISDICTION AND VENUE

27. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.

28. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3), because Plaintiff seeks redress for the deprivation, under color of state law, of rights secured by the Constitution.

29. Plaintiff's cause of action arises under 42 U.S.C. § 1983.

30. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

31. Plaintiff seeks prospective declaratory and injunctive relief against state officials in their official capacities to remedy an ongoing or imminently threatened violation of federal law, consistent with *Ex parte Young*, 209 U.S. 123 (1908).

32. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Plaintiff's claim occurred within this District.

## FACTUAL ALLEGATIONS

### Plaintiff's pension

33. Plaintiff formerly served the State of Connecticut in various public positions, including positions in positions involving the administration and oversight of state funded school construction projects.

34. Following his retirement from state service, Plaintiff became entitled to receive pension benefits through the state of Connecticut and has received recurring pension payments.

35. Plaintiff possesses an established property interest in his awarded pension benefits, protected by the Due Process Clause of the Fourteenth Amendment, subject to lawful modification, reduction, or termination.

36. Connecticut General Statutes § 1-110a establishes a judicial procedure for revoking or reducing the pensions of public officials convicted of crimes related to state or

municipal office. Pursuant to subsection (a), the Attorney General must apply to the Superior Court for an order revoking or reducing the pension.

37. Section 1-110a(b) requires the Superior Court to consider and make findings concerning specified factors, including the severity of the offense, monetary losses, and the degree of public trust placed in the official. The statute therefore does not make complete pension forfeiture an automatic consequence of being found guilty of bribery or other related crimes.

**Defendants' actions concerning plaintiff's pension**

38. On or about October of 2025, a federal jury found Plaintiff guilty of twenty-one criminal counts involving bribery, extortion, conspiracy, and false statements arising from his former public employment.

39. Plaintiff was scheduled to appear for sentencing in the United States District Court for the District of Connecticut on September 17, 2026. Plaintiff did not appear for that hearing, and his counsel reported that Plaintiff had traveled to Greece. As of the filing of this Complaint, Plaintiff has not been sentenced, and no judgment of conviction has been entered.

40. On September 17, 2026, Defendant William Tong issued a public statement concerning Plaintiff's pension, asserting that state law required his office to take action to revoke or reduce the pensions of officials convicted of corruption-related offenses and announcing that his office was reviewing its legal options.

41. On the same date, Defendant Sean Scanlon publicly announced that he had discontinued the direct deposit of Plaintiff's monthly pension payment, stating that Plaintiff should not continue receiving a pension because of his reported departure from the United States.

42. Scanlon's announcement represented that an action affecting Plaintiff's pension payments had already been taken. His accompanying statement provides a factual basis for believing that the action was intended to prevent Plaintiff from continuing to receive his pension benefits.

**The lack of notice, opportunity to be heard, and threatened deprivation**

43. Prior to the announced action, neither Defendant nor any other Connecticut official provided Plaintiff with individualized notice of a proposed suspension or interruption of his pension benefits.

44. Plaintiff was afforded no opportunity to contest the proposed action before it was announced and implemented.

45. Neither Defendant nor any other Connecticut official has furnished Plaintiff or his counsel with a written suspension directive, administrative determination, or other individualized notice identifying the legal authority, effective date, scope, or duration of the action.

46. Plaintiff and his counsel have likewise received no individualized notice identifying the procedures through which the announced action may be challenged or subjected to prompt review.

47. Upon information and belief, the announced action has resulted in, or imminently threatens to result in, the withholding of pension installments that Plaintiff otherwise would receive.

48. Plaintiff acknowledges that the jury's guilty verdict and his reported departure from the United States could provide the State with legitimate interests in pursuing remedies authorized by law. Those circumstances, however, do not eliminate the requirement of constitutionally adequate procedures in connection with an actual deprivation of an existing property interest.

49. While the jury's guilty verdict may establish grounds for the Attorney General to commence pension-forfeiture proceedings, it does not itself determine whether the Attorney General or Comptroller possesses authority to unilaterally impose a suspension without providing Plaintiff with notice or any meaningful opportunity to be heard.

50. To the extent Scanlon has implemented or maintains an interruption of Plaintiff's pension payments without constitutionally adequate procedures, his continuing conduct deprives or threatens to deprive Plaintiff of property without due process of law.

51. To the extent Tong possesses and exercises authority to direct, implement, or maintain the same interim deprivation without constitutionally adequate procedures, his continuing conduct likewise contributes to the alleged constitutional violation.

52. Plaintiff seeks prospective relief concerning the actual or threatened interruption of his pension benefits. He does not seek to relitigate the jury's guilty verdict, prevent the Attorney General from pursuing pension forfeiture through lawful proceedings, or obtain a federal determination of whether his pension ultimately should be revoked or reduced.

**FIRST COUNT: Violation of the Fourteenth Amendment, via 42 U.S.C. § 1983**

Paragraphs 1-52 are hereby incorporated into this Count as if fully pleaded herein.

53. The Fourteenth Amendment to the United States Constitution prohibits a State from depriving any person of property without due process of law.

54. Plaintiff possesses a constitutionally protected property interest in his pension benefits, which he is entitled to receive unless and until that entitlement is lawfully modified, reduced, or terminated.

55. Defendant Scanlon, acting under color of state law, publicly announced that he had discontinued the direct deposit of Plaintiff's monthly pension payment and expressed his determination that Plaintiff should not continue receiving pension benefits.

56. Upon information and belief, Scanlon's announced action has resulted in, or imminently threatens to result in, the interruption of Plaintiff's pension payments, thereby depriving or threatening to deprive Plaintiff of the use and enjoyment of his protected property interest.

57. Scanlon took the announced action without providing Plaintiff individualized notice of the proposed deprivation or any opportunity to contest it beforehand. Plaintiff has since received no individualized notice identifying the legal authority, scope, or duration of the action, or the means by which its continuation may be challenged.

58. The process constitutionally required before or following a deprivation of Plaintiff's pension benefits must be determined by balancing Plaintiff's private interest, the risk of erroneous deprivation and probable value of additional procedural safeguards, and the State's legitimate interests and administrative burdens.

59. Plaintiff has a substantial interest in the continued receipt of his existing pension benefits. The interruption of those benefits would deprive him of the timely use of retirement income to which he has an established entitlement, subject to lawful modification or termination.

60. The risk of erroneous deprivation is substantial insofar as the State may withhold Plaintiff's pension without an individualized determination of the legal authority for the suspension, the grounds for its continuation, or whether the suspension is justified pending judicial forfeiture proceedings.

61. The jury's guilty verdict may provide grounds for the State to pursue pension revocation or reduction pursuant to Connecticut General Statutes § 1-110a. It does not, standing alone, resolve whether Scanlon possesses authority to impose an interim withholding of Plaintiff's pension or whether such withholding is constitutionally permissible without additional procedures.

62. Additional procedural safeguards, including individualized notice identifying the action and its grounds, a meaningful opportunity to respond, and a timely determination by an authorized decision maker, would permit Plaintiff to contest the basis for and continued necessity of any interim deprivation without requiring the State to relitigate the jury's guilty verdict.

63. Scanlon's announced discontinuation of Plaintiff's direct deposit was a deliberate exercise of asserted official authority directed specifically at Plaintiff. To the extent that action has resulted in, or imminently threatens, the withholding of pension benefits without constitutionally adequate procedures, Scanlon's continuing implementation of the action violates or threatens to violate Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.

64. Defendant Tong has a specific statutory responsibility concerning the proposed revocation or reduction of Plaintiff's pension and has publicly announced his office's involvement in pursuing that relief. To the extent Tong exercises authority to direct, implement, or maintain the challenged interim withholding, Plaintiff seeks prospective relief against Tong for any continuing deprivation undertaken without constitutionally adequate procedures.

65. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress the actual or imminently threatened deprivation of his protected property interest without due process of law and seeks prospective declaratory and injunctive relief against Defendants to the extent of their respective authority and responsibility for the challenged deprivation.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff claims:

A. A declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that the withholding of Plaintiff's existing pension benefits without constitutionally adequate notice and a meaningful opportunity to be heard violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

B. Preliminary and permanent injunctive relief enjoining Defendants, to the extent of their respective authority over the challenged deprivation, from continuing or implementing the withholding of Plaintiff's pension benefits without constitutionally adequate procedures;

C. An award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

D. Such other relief as required by law, justice and equity.

Dated: September 18, 2026

THE PLAINTIFF

/s/ Norman A. Pattis

By: NORMAN A. PATTIS
PATTIS & PAZ, LLC
171 Orange St.
New Haven, CT 06511
Tel: (203) 393-3017
Fax: (203) 393-9745
npattis@pattispazlaw.com

*Counsel for the Plaintiff*